UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: _____

RYAN TURNER,

    Plaintiff,

v.

MSC CRUISE MANAGEMENT (UK) LTD. and
MSC MALTA SEAFARERS COMPANY LIMITED,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RYAN TURNER, hereby sues Defendants, MSC CRUISE MANAGEMENT (UK) LTD. and MSC MALTA SEAFARERS COMPANY LIMITED, and for good cause, alleges:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, RYAN TURNER, is a citizen of South Africa.

2. Defendant, MSC CRUISE MANAGEMENT (UK) LTD. ("MSC UK"), is an English-incorporated company with its principal place of business in England.

3. Defendant, MSC MALTA SEAFARERS COMPANY LIMITED ("MSC MALTA") is a Maltese-incorporated company with its principal place of business in Malta.

4. MSC UK and MSC MALTA will be referred to collectively herein as "the MSC Entities" where appropriate.

5. The MSC Entities do business in Florida through their subsidiary company and/or business agent "MSC Cruises (USA) INC.", whose business address is: 6750 N. Andrews Ave., Ste. 100, Ft. Lauderdale, FL 33309.

6. At all times material hereto, MSC UK owned, operated, managed, maintained, and/or controlled the vessel *MSC Musica* (hereinafter the "vessel").

7. The vessel was registered in a flag of convenience country.

8. At all times material, MSC UK operated the vessel in navigable waters.

9. At all times material hereto, the Plaintiff was a seafarer and a member of the crew aboard the vessel.

10. At all times material hereto, the MSC Entities were the Plaintiff's employer as they jointly and severally controlled his day-to-day work aboard the vessel.

11. At all times material hereto, and throughout his employment onboard Defendants' vessel as a cook, Plaintiff fulfilled all of his shipboard duties.

## SUBJECT INCIDENT

12. On or about February 7, 2019, and in the course and scope of his employment as a seafarer working for Defendants, Plaintiff suffered back injuries.

13. Specifically, Plaintiff injured his back when he lifted a large, unwieldly and heavy container in furtherance of his duties as a cook and as he was preparing food for Defendants' passengers in connection with a midnight buffet aboard the vessel. Although Plaintiff asked for assistance from fellow crewmembers to lift the large, heavy container, Plaintiff's requests for help were denied by other crewmembers because Defendants created a work environment aboard the vessel where crewmembers were prohibited and/or discouraged from helping others safely carry out their respective job duties. Further, Defendants failed to make a lumbar support belt and/or a trolley available to Plaintiff while he was in the performance of his shipboard duties.

14. Plaintiff immediately reported his back injuries to his shipboard supervisor and the medical doctor aboard the vessel. However, Defendants/its shipboard medical personnel failed to provide

- 3 -

Plaintiff with prompt, proper and adequate medical care and/or maintenance and cure at that time and thereafter when Plaintiff medically disembarked the vessel. Plaintiff sustained his back injuries as result of Defendants' failure to provide him with a reasonably safe place to work aboard the vessel, and Plaintiff suffered additional injuries and/or aggravated his underlying back injuries as a result of Defendants' failure to provide him with prompt, proper and adequate medical care and/or maintenance and cure.

15. At all times material, the MSC Entities had the ability to monitor and control each and every step taken by any person working in the medical department via telephone, videoconference, Skype or otherwise. This technology is generally referred to as "Face to Face Telemedicine." Such modern means of communication make the location of the cruise ship effectively irrelevant and allows the MSC Entities to directly control the medical care on the ship.

### COUNT I – JONES ACT NEGLIGENCE AGAINST DEFENDANTS

Plaintiff incorporates the allegations one (1) through fifteen (15) above as though fully alleged herein.

16. At all times material Defendants had a duty to provide Plaintiff with a reasonably safe place to work aboard the vessel.

17. Defendants, their agents, employees and/or joint venturers breached their duties of care owed to Plaintiff through acts and/or omissions that include, but are not limited to:

    a. Creating a working environment where crewmembers are discouraged and/or unable to assist each other safely carry out their job duties, are rushed to complete their duties, and/or are encouraged to return to work with injuries;

    b. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work, including failures to:

        i. Provide Plaintiff reasonable tools to lift and/or carry heavy items, such as a back brace and/or trolley;

      ii. Provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting and/or heavy lifting;

      iii. Provide adequate manpower to perform the work assigned to Plaintiff.

  c. Failure to provide prompt, proper, and adequate medical care and treatment, which aggravated Plaintiff's injuries and caused his additional pain, suffering and disability;

  d. Failure to properly medically manage Plaintiff's medical care after Plaintiff was injured;

  e. Sending Plaintiff back to work while he was still injured and on pain medication; and/or

  f. Failure to authorize and/or not timely authorizing/providing Plaintiff with medical care.

18. The MSC Entities are vicariously liable for the medical care provided or omitted by the medical staff aboard the subject vessel.

19. All of the breaches outlined above caused or contributed to Plaintiff's injuries, loss and damage.

20. The Plaintiff is entitled to and claims all damages allowable by law, including but not limited to:

  a. Plaintiff's general damages for pain, suffering and loss of amenity;

  b. Pecuniary and non-pecuniary damages suffered by the Plaintiff;

  c. Loss of the Plaintiff's future wages and loss of earning capacity;

  d. Disability compensation (in contract and/or in tort).

**WHEREFORE,** Plaintiff demands all damages recoverable by law and trial by jury.

- 5 -

## COUNT II – GENERAL NEGLIGENCE AGAINST DEFENDANTS

Plaintiff incorporates the allegations one (1) through fifteen (15) above as though fully alleged herein.

21. At all times material Defendants had a duty to provide Plaintiff with a reasonably safe place to work aboard the vessel.

22. Defendants, their agents, employees and/or joint venturers breached duties owed to Plaintiff through acts and/or omissions that include, but are not limited to:

   a. Creating a working environment where crewmembers are discouraged and/or unable to assist each other safely carry out their job duties, are rushed to complete their duties, and/or are encouraged to return to work with injuries;

   b. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work, including failures to:
      i. Provide Plaintiff reasonable tools to lift and/or carry heavy items, such as a back brace and/or trolley;
      ii. Provide Plaintiff with proper training and/or supervision with respect to repetitive heavy lifting and/or heavy lifting;
      iii. Provide adequate manpower to perform the work assigned to Plaintiff.

   c. Failure to provide prompt, proper, and adequate medical care and treatment, which aggravated Plaintiff's injuries and caused his additional pain, suffering and disability;

   d. Failure to properly medically manage Plaintiff's medical care after Plaintiff was injured;

   e. Sending Plaintiff back to work while he was still injured and on pain medication; and/or

   f. Failure to authorize and/or not timely authorizing/providing Plaintiff with medical care.

23. The MSC Entities are vicariously liable for the medical care provided or omitted by the medical staff aboard the subject vessel.

24. All of the breaches outlined above caused or contributed to Plaintiff's injuries, loss and damage.

25. The Plaintiff is entitled to and claims all damages allowable by law, including but not limited to:

    a. Plaintiff's general damages for pain, suffering and loss of amenity;

    b. Pecuniary and non-pecuniary damages suffered by the Plaintiff;

    c. Loss of the Plaintiff's future wages and loss of earning capacity;

    d. Disability compensation (in contract and/or in tort).

**WHEREFORE,** Plaintiff demands all damages recoverable by law and trial by jury.

**COUNT III – UNSEAWORTHINESS AGAINST DEFENDANT, MSC UK**

Plaintiff incorporates the allegations one (1) through fifteen (15) above as though fully alleged herein.

26. On or about the above date, Plaintiff was a seaman and a member of the member of the vessel's crew, which was in navigable waters.

27. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant, MSC UK.

28. At all times material hereto, Defendant, MSC UK had the absolute, non-delegable duty to provide Plaintiff with a seaworthy vessel on which he served.

29. On or about the above date, the unseaworthiness of the vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a. The vessel was unsafe and unfit as a result of Defendant, MSC UK's acts and/or omissions which include, but are not limited to:

        i. Failure to use reasonable care to provide Plaintiff a reasonably safe place to work;

    ii. Failing to provide competent and/or trained staff to assist Plaintiff in his work duties aboard the vessel;

    iii. Failing to provide Plaintiff with sufficient access to trolleys for his work duties aboard the vessel;

    iv. Creating a working environment where crewmembers are discouraged and/ or unable to assist each other with duties and/or are rushed to complete their duties; and/or

b. The vessel was not reasonably fit for its intended purpose; and/or

c. The vessel's crew was not properly trained, instructed and/or supervised; and/or

d. The vessel did not have a fit crew; and/or

e. The vessel did not have adequate manpower for the task(s) being performed; and/or

f. The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

30. All of the breaches outlined above caused or contributed to Plaintiff's injuries, loss and damage.

31. The Plaintiff is entitled to and claims all damages allowable by law, including but not limited to:

a. Plaintiff's general damages for pain, suffering and loss of amenity;

b. Pecuniary and non-pecuniary damages suffered by the Plaintiff;

c. Loss of the Plaintiff's future wages and loss of earning capacity;

d. Disability compensation (in contract and/or in tort).

**WHEREFORE,** Plaintiff demands all damages recoverable by law and trial by jury.

## COUNT IV – FAILURE TO PROVIDE MAINTENANCE AND CURE AGAINST DEFENDANTS

Plaintiff incorporates the allegations one (1) through fifteen (15) above as though fully alleged herein.

32. On or about the above date, Plaintiff was injured while in the service of the vessel as a crewmember.

33. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from his employer(s), one or more of the Defendants, until Plaintiff is declared to have reached Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC). Maintenance and cure includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage, whichever is longer. In addition, an MMI declaration must be unequivocal, and if not, any doubts or controversy, regarding whether or not the seaman is at MMI must be resolved in favor of the seaman.

34. To date, Plaintiff has not reached MMI and is entitled to receive medical treatment from physicians of his choice.

35. At all times material hereto, Defendant(s) willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and cure, and/or Defendant(s) willfully and callously delayed, failed and/or refused to provide the Plaintiff the level of cure that the Plaintiff needs, so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

36. At all times material hereto, Defendant(s)'s failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, in violation of the law, and in callous disregard for Plaintiff's right as a seaman.  As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States.

37. At all times material hereto, Defendant(s)'s unreasonable and/or callous failure to pay or provide Plaintiff with maintenance and cure aggravated Plaintiff's condition and caused him to suffer additional compensatory damages, including, but not limited to, the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE,** Plaintiff demands all damages recoverable by law and trial by jury.

### COUNT V – FAILURE TO TREAT AGAINST DEFENDANTS

Plaintiff incorporates the allegations one (1) through fifteen (15) above as though fully alleged herein.

38. On or about the above date, Plaintiff was employed by one or more of the Defendants as a seafarer and was a member of the vessel's crew. The vessel at all times material sailed in navigable waters.

39. At all times material hereto, it was the duty of Defendant(s) to provide Plaintiff with prompt, proper, and adequate medical care.

40. At all times material hereto, Defendant(s), through the shipboard and/or shoreside physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

   a. Defendant(s) not giving Plaintiff proper medical care in a timely manner after he reported his injury to the ship's doctor and/or nurse seeking treatment for his condition; and/or

   b. Defendant(s) sending Plaintiff back to work while he was still injured and on pain medication; and/or

    c. Defendant(s) not reimbursing and/or not timely reimbursing Plaintiff for his out-of-pocket medical expenses, and/or

    d. Defendant(s) not authorizing/proving and/or not timely authorizing/providing Plaintiff with medical care, and/or

    e. Defendant(s) prematurely terminating Plaintiff's medical care.

41. All of the breaches outlined above caused or contributed to Plaintiff's injuries, loss and damage.

42. The Plaintiff is entitled to and claims all damages allowable by law, including but not limited to:

    e. Plaintiff's general damages for pain, suffering and loss of amenity;

    f. Pecuniary and non-pecuniary damages suffered by the Plaintiff;

    g. Loss of the Plaintiff's future wages and loss of earning capacity;

    h. Disability compensation (in contract and/or in tort).

43. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F. 2d 676 (10th Cir. 1981), which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE,** Plaintiff demands all damages recoverable by law and trial by jury.

### COUNT VI – DISABILIATY CLAIM AGAINST DEFENDANTS

Plaintiff incorporates the allegations one (1) through fifteen (15) above as though fully alleged herein.

44. Per agreement(s) between Defendants and Plaintiff, Plaintiff is entitled to contractual damages in the event that he suffers a permanent disability and/or is unable to return to his profession as a result of an injury sustained during the course of his employment with Defendants.

45. As a result of the injury outlined above, Plaintiff suffered a permanent disability and/or lost his ability to return to his profession.

46. Clamant hereby demands the maximum contractual disability payment provided by the agreement(s), in addition to, and irrespective of, his rights and causes of action available under the Jones Act and/or General Maritime Law.

**WHEREFORE,** Plaintiff demands all damages recoverable by law and trial by jury.

Dated: March 14, 2022

          Respectfully submitted,

          **LIPCON, MARGULIES
          & WINKLEMAN, P.A.**
          *Attorneys for Plaintiff*
          One Biscayne Tower, Suite 1776
          2 South Biscayne Boulevard
          Miami, Florida 33131
          Telephone: (305) 373-3016
          Facsimile: (305) 373-6204

By: */s/ L. Alex Perez*
          **MICHAEL A. WINKLEMAN**
          Florida Bar No. 36719
          mwinkleman@lipcon.com
          **JACQUELINE GARCELL**
          Florida Bar No. 104358
          jgarcell@lipcon.com
          **L. ALEX PEREZ**
          Florida Bar No. 125452
          aperez@lipcon.com